```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

United States of America       :
                               :
     v.                        :    File No. 1:03-CR-26
                               :
Michael Cole                   :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### (Papers 29 and 35)

Petitioner Michael Cole has filed a motion to vacate, set aside, or correct his sentence pursuant to the provisions of 28 U.S.C. § 2255. (Paper 29). In his motion, Cole first claims that his attorney should have filed an appeal under Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), and in anticipation of Blakely v. Washington, 124 S. Ct. 2531 (2004). Cole also claims that his attorney should have made Apprendi-based objections at sentencing. Finally, Cole argues that Blakely and United States v. Booker, 125 S. Ct. 738 (2005), are retroactive and should be applied in this case. For the reasons set forth below, I recommend that Cole's § 2255 motion be DENIED.[1]

### Factual Background

---

[1] Cole has also filed a motion for leave to file a supplemental memorandum on the issue of retroactivity. (Paper 35). This motion is GRANTED.

On February 29, 2003, Cole entered a plea of guilty to a one count information charging him with transporting child pornography in interstate or foreign commerce by computer in violation of 18 U.S.C. § 2252(a)(1).  (Paper 2).  On October 10, 2003, the Court sentenced Cole to 46 months in prison, to be followed by two years of supervised release.  In reaching this sentence, the Court first found that Cole's base offense level under the federal sentencing guidelines was 17.[2]  (Paper 25, Sentencing Transcript, at 83).  The Court then increased the offense level by two due to the fact that the photographic images placed by Cole on the internet included images of a prepubescent minor under the age of 12 years.  Id.  Because Cole's crime consisted of the distribution of material involving the sexual exploitation of a minor, the Court increased his offense level another two levels.  Id. at 83-84.  The Court then enhanced Cole's sentence another five levels because "he engaged in a pattern of activity involving the sexual abuse or exploitation of a minor . . . ."  Id. at 84.  The Court

---

[2] The minimum guideline range for this offense level was 24-30 months.

enhanced by another two levels for transmitting materials via computer, and allowed a three level reduction for acceptance of responsibility, resulting in a final offense level of 25.  Id.

The statutory maximum for Cole's crime was 15 years. (Paper 2 at 1, citing 18 U.S.C. § 2252(b)(1)).  With no criminal history points and a guideline offense level of 25, the range for imprisonment under the guidelines was 57 to 71 months.  (Paper 25 at 84).  The Court granted Cole a two level downward departure due to extraordinary family circumstances and extraordinary rehabilitation efforts, resulting in an offense level of 23 and a range of 46 to 57 months.  Id. at 79, 85.  As stated above, the Court ultimately sentenced Cole to 46 months in prison, to be followed by two years of supervised release.

On October 20, 2003, Cole appealed to the Second Circuit.  (Paper 19).  The stated grounds for that appeal are not clear from the record currently before the Court. Cole subsequently withdrew his appeal in December, 2003. Cole reports that the appeal was withdrawn on the advice of his attorney, Bradley Stetler, Esq.  Stetler was Cole's

attorney both at trial and on direct appeal.  Cole filed his instant § 2255 petition on October 12, 2004.

## Discussion

Section 2255 is intended to remedy fundamental defects in a criminal prosecution.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  A court may grant relief under § 2255 only for constitutional errors, lack of jurisdiction or an error of law constituting a fundamental defect which inherently results in a complete miscarriage of justice. See Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996).  The Supreme Court has defined a miscarriage of justice as a claim of actual innocence.  See United States v. Olano, 507 U.S. 725, 736 (1993).  Absent exceptional circumstances such as a miscarriage of justice, nonconstitutional or nonjurisdictional questions are generally foreclosed to a § 2255 petitioner if not raised on direct appeal.  See Brennan v. United States, 867 F.2d 111, 120 (2d Cir. 1989).  Ineffective assistance of counsel claims are, however, generally excepted from this cause and prejudice requirement and may be brought for the first time

in a § 2255 motion.  See Massaro v. United States, 538 U.S. 500, 504 (2003).

I.  <u>Ineffective Assistance of Counsel on Direct Appeal</u>

Cole first claims that he was denied effective assistance of counsel on direct appeal.  Specifically, Cole argues that his sentence violated <u>Apprendi</u> and the Supreme Court's later decisions in <u>Blakely</u> and <u>Booker</u>, and that his attorney should have appealed his sentence on these grounds.  Cole also suggests that, had his attorney followed through with a direct appeal, his claim would have still been pending at the time <u>Blakely</u> and <u>Booker</u> were decided, and could have been applied to his appeal retroactively.

"[T]he proper standard for attorney performance is that of reasonably effective assistance."  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  The essence of an ineffective assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect.  See <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 374 (1986).  Thus, a defendant must establish (1) that counsel made errors so serious that he was deprived of reasonably competent representation and (2)

that counsel's deficient performance prejudiced the defense.  See Hernandez v. United States, 202 F.3d 486, 488 (2d Cir. 2000) (citing Strickland, 466 U.S. at 687-691).

To satisfy the first prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness.  More specifically, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and the deficient performance so undermined the proper functioning of the adversary process that the trial cannot be relied upon as having produced a just result."  Strickland, 466 U.S. at 687; see also United States v. DiTommaso, 817 F.2d 201, 215 (2d Cir. 1987).  In conducting the ineffective assistance inquiry, a court must maintain a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  See Strickland, 466 U.S. at 689.  The court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  See id. at 690.  In evaluating counsel's

performance, the court is to look to "an objective standard of reasonableness . . . under prevailing professional norms" and apply this standard in light of all the circumstances in the case. Id. at 688, 690.

In evaluating the prejudice component of Strickland, a court must determine whether, absent counsel's error, it is reasonably probable that the outcome of the proceeding would have been different. See Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 703.

The Supreme Court has held that the Strickland standard applies in cases where counsel's performance allegedly denied a defendant his right to appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000); Sarroca v. United States, 250 F.3d 785, 787 (2d Cir. 2001). With respect to the reasonableness of counsel's performance, the Supreme Court determined that counsel must consult with his client about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for

appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480.

While Cole cites Flores-Ortega for support, the facts of this case are not directly in line with the Flores-Ortega decision. In Flores-Ortega, the question was whether the defendant and his attorney had discussed an appeal, and whether counsel had failed to file an appeal despite the defendant's request. 528 U.S. at 474-475. Here, it appears that Cole and his attorney discussed an appeal, and that an appeal was filed and subsequently withdrawn. Therefore, the question here is not whether counsel failed to advise Cole of his right to appeal, or failed to file an appeal despite Cole's request. Instead, the question is whether the decision to withdraw the appeal, upon the advice of counsel, denied Cole his constitutional right to the effective assistance of counsel.

Cole has not disclosed to the Court the grounds upon which his initial appeal was based. He does argue, however, that his attorney should have persisted with an

9

appeal based upon the Supreme Court's holding in Apprendi. Specifically, Cole cites Apprendi for the proposition that "'[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed.  It is equally clear that such facts must be established by proof beyond a reasonable doubt.'" (Paper 30 at 3, quoting Apprendi, 530 U.S. at 490)).  Cole appears to be arguing that the enhancements applied to his sentence violated Apprendi, and believes that this argument would have been a "'dead-bang winner'" on appeal.  Id. at 5.

Cole's quotation from Apprendi only constitutes a part of the Supreme Court's holding in that case.  "'Apprendi's requirement that factors related to sentencing be submitted to the jury and proved beyond a reasonable doubt applies only when the factors in question 'increase[s] the penalty for a crime beyond the prescribed statutory maximum . . . .'" United States v. King, 345 F.3d 149, 151 (2d Cir. 2003) (quoting Apprendi, 530 U.S. at 490).  Indeed, the central principle confirmed by Apprendi was that, "[o]ther than the fact of a prior conviction, any fact that increases the

10

penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.

In this case, the statutory maximum for Cole's crime was 15 years.  See 18 U.S.C. § 2252(b)(1).[3]  His sentence of 46 months was far short of that maximum.  At the time of Cole's sentencing, courts in this Circuit routinely imposed and reviewed sentences based upon the understanding that Apprendi only applied if the sentence extended beyond the maximum sentence set forth by statute.  See, e.g., United States v. Garcia, 240 F.3d 180, 183-84 (2d Cir. 2001) ("We see nothing in the Court's holding in Apprendi or its explication of the holding that alters a sentencing judge's traditional authority to determine those facts relevant to selection of a sentence within the statutory maximum . . . .").  Even after the Blakely decision, the Second Circuit adhered to the rule that jury fact-finding was unnecessary "'for application of Guidelines enhancements that did not

---

[3] In 2003, Congress amended the statute and raised the maximum penalty under subsection (b)(1) to 20 years.  See Pub. L. 108-21, § 103(a)(1)(B)(i).

result in sentences higher than those prescribed by the statute of conviction.'"  United States v. Mincey, 380 F.3d 102, 105 (2d Cir. 2004) (quoting United States v. Thomas, 274 F.3d 655, 664 (2d Cir.), cert. denied, 531 U.S. 1069 (2001)).  Only since the Booker decision "ma[de] clear that . . . the maximum lawful sentence was the maximum sentence permitted by the jury's verdict alone, without further fact finding by the judge," has this Circuit begun remanding sentences where additional facts were found at sentencing.  United States v. Crosby, 397 F.3d 103, 120 n.6 (2d Cir. 2005) (quoting Booker, 124 S. Ct. at 746-48 (internal citations omitted)).  Accordingly, at the time of Cole's sentencing and during his period for appeal, there was no reasonable basis for counsel to believe that Apprendi, or even the Supreme Court's later decision in Blakely, supported an appeal in this case.

An attorney's performance must be assessed "on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct.'"  Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) (quoting Strickland, 466 U.S. at 690).  "'Counsel is not required to forecast changes in

12

the governing law.'" Id. (quoting Horne v. Trickey, 895 F.2d 497, 500 (8th Cir. 1990) ("ineffectiveness not established by claim that 'counsel should have realized that the Supreme Court was planning a significant change in the existing law, and that the failure to anticipate this change rises to the level of constitutional ineffectiveness.'")); see also United States v. Harms, 371 F.3d 1208, 1212 (10th cir. 2004) ("The Sixth Amendment does not require counsel for a criminal defendant to be clairvoyant.").  Just as a judge performing a pre-Booker sentencing would have "quite understandably" determined the sentence based upon facts not found by a jury, so would an attorney at that time have been entirely reasonable in counseling his client against appealing such a sentence based upon Apprendi. Crosby, 397 F.3d at 119.  Accordingly, Cole cannot now argue that his attorney was constitutionally ineffective for failure to either appeal under Apprendi, or to anticipate the Supreme Court's future application of Apprendi in Blakely and Booker.  See Fuller v. United States, 398 F.3d 644, 650 n.4 (7th Cir. 2005) (failure to anticipate Blakely and Booker would not

constitute ineffective assistance of counsel); Thomas v. United States, 2004 WL 2898075, at *2 (D. Me. Dec. 14, 2004) (same with respect to Blakely).  I therefore recommend that Cole's claim for ineffective assistance of counsel on direct appeal be DENIED.

II.  Ineffective Assistance of Counsel at Sentencing

Cole next argues that his attorney should have made Apprendi-based objections at sentencing.  As discussed above, at the time of Cole's sentencing there was no support in this Circuit for asserting an Apprendi objection to a sentence that was below the statutory maximum of 15 years.  Therefore, counsel's alleged failure to make such an objection did not constitute ineffective assistance of counsel, and this claim should also be DENIED.

III. Retroactivity of Blakely and Booker

Cole's final argument is that the Supreme Court's decisions in Blakely and Booker present a substantive change in the law, and should therefore be applied to his sentence retroactively.  With respect to Blakely, the Supreme Court's decision did not announce Blakely as a new rule of constitutional law, and did not hold that it

14

applied retroactively on collateral review.  See Carmona v. United States, 390 F.3d 200 (2d Cir. 2004) (holding that Blakely was not retroactive for purposes of second and successive habeas petition).  Consequently, and assuming *arguendo* that Blakely is directly applicable to federal sentences, courts in this circuit have declined to apply Blakely retroactively.  See, e.g., Nnebe v. United States, 2005 WL 427534, at *9 (S.D.N.Y. Feb. 22, 2005).  The Second Circuit has also explicitly held that Booker "is not retroactive, *i.e.*, it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker was issued."  Guzman v. United States, 2005 WL 803214, at *4 (2d Cir. April 8, 2005).

Cole is challenging a sentence that became final before the rules of Blakely and Booker were announced.  Because those rules are not retroactive, Cole's claim that the facts supporting his sentencing enhancements needed to be either admitted or proven to a jury should be DENIED.

## Conclusion

For the reasons set forth above, Cole's motion for

15

leave to file a supplemental memorandum (Paper 35) is GRANTED, and I recommend that his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be DENIED.

   Dated at Burlington, in the District of Vermont, this 13th day of April, 2005.


                           /s/ Jerome J. Niedermeier
                           Jerome J. Niedermeier
                           United States Magistrate Judge



Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).